IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

B. KIM THOMAS,

      Plaintiff,                    No. CIV 11-2146 LKK EFB PS

      vs.

PARKER DEVELOPMENT,

      Defendant.                <u>ORDER</u>

                         /

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that defendant "allowed an emergency contact person . . . permission to change the lock to [plaintiff's] home while [plaintiff] attended [to plaintiff's mother]." Dckt. No. 1. The complaint further alleges that plaintiff was "locked out" on November 7, 2010, even though defendant knew that plaintiff had Stage 4 prostate cancer, and that plaintiff's "mate passed from cancer" on November 6, 2010. *Id.*

It appears from plaintiff's complaint that this court lacks subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties or any facts that would give rise to a federal claim. Therefore, it appears that plaintiff's complaint should be dismissed.

Plaintiff's civil cover sheet, Dckt. No. 2, however, describes this action as one of "discrimination."[1] To the extent plaintiff's claim against defendant for "discrimination" is brought under 42 U.S.C. § 1983, that claim should also be dismissed. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff fails to allege that defendant was a state actor or was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192

---

[1] The civil cover sheet also indicates that there is diversity among the parties, but then indicates that both plaintiff and defendant are citizens of California. Dckt. No. 2.

3

1  F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983
2  must be a person who may fairly be said to be a governmental actor) (citation and quotations
3  omitted).  Section "1983 excludes from its reach merely private conduct, no matter how
4  discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50
5  (1999) (citation and internal quotation marks omitted)).  Furthermore, plaintiff fails to identify
6  the constitutional rights defendant allegedly violated, or explain how defendant's actions
7  resulted in the deprivation of any constitutional right.

8       Therefore, plaintiff's complaint will be dismissed.  However, plaintiff will be granted
9  leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a
10 proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,
11 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an
12 opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to
13 file an amended complaint, the amended complaint shall clearly set forth the allegations against
14 defendant and shall specify a basis for this court's subject matter jurisdiction.

15      Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
16 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
17 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
18 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
19 plaintiff files an amended complaint, the original no longer serves any function in the case.
20 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
21 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
22 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
23 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
24 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
25 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.
26 ////

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 3, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: September 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5